Eastern District of Kentucky
FILED

JUL - 6 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

CIVIL ACTION NO. 2003-275 (WOB)

RICHARD H. EARLY                                    **PLAINTIFF**

VS.                          **MEMORANDUM OPINION AND ORDER**

CSX TRANSPORTATION                                 **DEFENDANT**


        This matter came before the court on July 1, 2005 for oral argument on the motions of defendant for summary judgment (Doc. #21) and to strike Affidavit of Plaintiff (Doc. #28).  Plaintiff was represented by Cindy Shiroonie and James Watermark.  Defendant was represented by James Brockman.  Official court reporter Amy Blosser recorded the proceedings.


                        **INTRODUCTION**

        On July 1, 2003, the Plaintiff, Richard H. Early, was employed as an engineer for the Defendant, CSX Transportation, Inc.  On that date, Mr. Early was assigned to work on a train traveling from Cincinnati, Ohio to Corbin, Kentucky.  When Mr. Early reported to work at the railroad's Queensgate Yard, he was transported by van to a location approximately 100 yards away from the locomotive engines on his train.  Mr. Early then began to attempt to walk to his locomotive engine.  Plaintiff claims that the walkways over

                              1

which he traveled were in a poor state of repair in that discarded equipment and other debris littered the walkways. As Plaintiff attempted to use these walkways to reach his locomotive engine, he stumbled on the debris and suffered severe and permanent injuries to both his left and right knees. Plaintiff has gone through three knee surgeries.

Plaintiff claims that the walkway, also known as the ballast, was strewn with debris including broken cross ties, discarded track bolts, and large rocks. Plaintiff claims that while he was making his way to his engine, something rolled underneath his foot causing him to stumble and causing his knees to twist. At the time of the accident, Plaintiff was not able to determine on what exactly he had stepped. Moreover, Plaintiff claims that the condition of the walkway had been that way for several months due to a prior derailment.

Plaintiff claims that the derailment damaged the walkway and that the walkway was not cleaned up very well. Plaintiff also claims that several weeks later he returned to the scene of the accident with several officials of the railroad. Plaintiff submits that these officials agreed that the walkway was in poor condition.

Defendant adds that Plaintiff had picked up trains at this location before and had never complained about the condition of the walkway at a prior time. Defendant also adds that Plaintiff is not able to identify specifically what caused him to slip.

2

As for the alleged cause of the fall, in regard to the motion to strike, Defendant asserts that the Plaintiff's affidavit contradicts his deposition.

The Court is presented with the following two issues:

a.  Whether the evidence that Plaintiff slipped on an unidentified object and fell is sufficient to survive summary judgment under FELA standards for summary judgment?

b.  Whether Plaintiff's affidavit conflicts with his deposition to the point that it is required to be stricken from the record?

Based upon the following analysis, the Court finds that Defendant's motions should be denied.  The facts alleged by Plaintiff are sufficient to survive summary judgement under the standards for FELA claims.  Moreover, the Plaintiff's deposition and affidavit are not contradictory so the affidavit need not be stricken from the record.

**ANALYSIS**

The law that applies to this case is exactly that which what this Court applied in *Holleran v. Crounse*, 339 F. Supp.2d 930 (E.D.Ky 2004). Although *Holleran* was a Jones Act case, because the standards for Jones Act cases and FELA cases are the same, the

3

analysis is wholly applicable here.   As was observed in *Holleran:*

> although there must be some evidence of negligence, including some evidence of forseeability, the fact that causation has not been proved by a preponderance of the evidence does not preclude submission to the jury or a verdict for the plaintiff.   Thus, where a worker was bitten by a bug, which may have had contact with a stagnant pool negligently maintained on the employer's property, where it might have imbibed an infectious agent, which might have caused the bitten employee to lose his leg, a jury verdict awarding a substantial amount against the employer would be sustained, despite the weakness of the proof of causation.

*Id.* at 933-4 citing *Gallick v. Baltimore and Ohio R. Co.*, 372 U.S. 108.  Accord *Rogers v. Missouri Pac. R. Co.,* 352 U.S. 500 (1957). The remainder of *Holleran* is directly applicable here as well since it cites to Sixth Circuit and Supreme Court cases that further elaborate upon this relaxed standard of proof for FELA cases.

Herein, Plaintiff's testimony fits within the parameters of '"precious little more" than a scintilla of evidence 'given the Supreme Court's view that Congress has favored [FELA] plaintiffs with a jury resolution of all colorable factual issues.'" *Holleran*, 339 F. Supp. at 934. citing *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 807 (6th Cir. 1996).

The Plaintiff has testified in both his deposition and in his affidavit that there was debris, cross ties, bolts and a sundry of other clutter on the ballast that may have contributed to and/or caused his fall.  He claims that his foot rolled on something that

4

was there on the ballast and he fell.  This is sufficient evidence to be little more than a scintilla to meet the relaxed FELA standard.  Therefore, Defendant's motion on this issue should be denied.

In regard to the Defendant's Motion to Strike the affidavit of the Plaintiff, that should be denied as well.  Defendant claims that the two are contradictory and as such, the affidavit should be stricken.  See *Smith v. Conrail*, 91 F.3d 144, 1996 (WL 366283 (6th Cir. (Ohio)) and *Reid v. Sears, Roebuck & Co.,* 790 F.2d 453 (6th Cir. 1986).  However, a review of the affidavit and the deposition reveals that they are consistent.  In both, Plaintiff claims that something on the ballast, that was amongst the debris from the prior derailment, came under his left foot and caused him to fall. In both the affidavit and the deposition, Plaintiff further states that he does not know specifically what item of debris caused his fall, but something there did.  Thus, the affidavit and deposition are consistent and the affidavit is not being used to create an issue of fact.  Defendant's Motion to Strike the affidavit should be denied.

**Therefore, the court being advised,** it is ordered:

1.    Defendant's Motion for Summary Judgment (Doc. #21) should be denied;

2.    Defendant's Motion to Strike the Plaintiff's Affidavit (Doc. #28) should be denied;

3.   Defendant shall file Motions in Limine by July 11, 2005;

4.   Plaintiff shall have 10 days thereafter to file a
     response.

This ____5th____ day of July, 2005.

_William O. Bertelsman_

**WILLIAM O. BERTELSMAN, JUDGE**

6